UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE SCHELLER,<br><br>        Plaintiff,<br><br>   v.<br><br>INTERSTATE REALTY MANAGEMENT & KIMBERLEE SCHREIBER,<br><br>        Defendants. | No. 2:14-cv-0457-MCE-KJN PS<br><br>ORDER |

Plaintiff Melanie Scheller, who proceeds without counsel, originally filed this action in the San Joaquin County Superior Court on November 14, 2013. After being served with the complaint and summons on January 13, 2014, defendants Interstate Realty Management Company and Kimberlee Schreiber removed the action to this court by filing a notice of removal on February 11, 2014, which invoked the court's diversity of citizenship subject matter jurisdiction. (ECF No. 1.)[1] On February 14, 2014, defendants also filed a motion to dismiss plaintiff's complaint pursuant to Rules 8(a), 8(d), 12(b)(6), and 41(b) of the Federal Rules of Civil Procedure. (ECF No. 5.)

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1   Thereafter, on February 27, 2014, plaintiff filed a motion for leave to proceed in forma
2   pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 11.)  Plaintiff's application in support of her
3   request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.
4   Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

5   The determination that a plaintiff may proceed in forma pauperis does not complete the
6   required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at
7   any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or
8   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
9   an immune defendant.  Although the defendants have already filed a motion to dismiss, the court
10  finds it appropriate to screen plaintiff's complaint under 28 U.S.C. § 1915, because of the
11  significant structural and procedural deficiencies of the complaint (discussed below), which were
12  also raised in defendants' motion to dismiss.

13  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
14  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
15  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
16  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
18  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
20  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
21  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
22  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
23  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
24  U.S. 232, 236 (1974).

25  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21
26  (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
27  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
28  pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221,1230 (9th Cir. 1984).

In this case, plaintiff's original complaint filed in state court asserts various claims for breach of contract, fraud, and intentional tort against defendants based on numerous grievances plaintiff allegedly suffered in the course of her employment as a site manager for defendant Interstate Realty Management, which is apparently in the business of managing certain income restricted properties. Plaintiff's complaint is approximately 123 pages long, does not contain numbered paragraphs, and consists of multiple California Judicial Council forms, interspersed with declarations, charts, lists, notes, and other evidentiary documents in a somewhat haphazard fashion. As such, it plainly fails to meet the requirements of Federal Rules of Civil Procedure 8 and 10.[2]

Federal Rule of Civil Procedure 8 requires, in part, that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus, the federal rules contemplate brevity. See Fed. R. Civ. P. 84. Claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.") In turn, Federal Rule of Civil Procedure 10(b) requires the use of numbered paragraphs in a complaint. Pursuant to Rule 10(b), each claim should also be set forth in a separate count (i.e., a different section) of the complaint, with factual allegations pertaining to each particular claim set forth in the section of the complaint dealing with the particular claim. In that regard, the use of subheadings for each claim can be helpful in organizing the complaint.

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. McHenry v. Renne, 84

---

[2] Although this action was commenced in state court, the Federal Rules of Civil Procedure apply upon removal to federal court. Fed. R. Civ. P. 81(c)(1).

F.3d 1172, 1176-78 (9th Cir. 1996) (affirming dismissal of complaint for violation of Rule 8 after warning). This requirement is because a complaint must only set forth the *alleged facts* in support of the plaintiff's claims and need not include any documentary evidence, which may be presented at a later point in the case. While it may be appropriate to attach some limited, relevant exhibits to the complaint, such as administrative agency charges and right-to-sue letters, general evidentiary material (such as work records, e-mails, forms, charts, lists, declarations etc.) should not be attached.[3] Importantly, a defendant and the court should be able to understand the plaintiff's claims and the facts in support of those claims from reading the main body of the complaint, and without having to review copious exhibits to the complaint.

Because plaintiff's original complaint here fails to comply with these principles and the above-mentioned Federal Rules of Civil Procedure, the court dismisses the original complaint, but with leave to amend. As a pro se litigant proceeding in forma pauperis, plaintiff is entitled to notice and an opportunity to amend her complaint prior to dismissal, especially given that plaintiff filed her original complaint in state court and without knowledge of the need to comply with the Federal Rules of Civil Procedure.[4]

If plaintiff elects to file an amended complaint, it shall comply with the Federal Rules of Civil Procedure and general principles outlined above, as well as the following specific requirements:

  (a) The complaint shall be captioned "First Amended Complaint"
  (b) The first amended complaint shall use numbered paragraphs
  (c) If the first amended complaint asserts more than one claim, it shall set forth the various

---

[3] For example, if an evidentiary document (such as an e-mail) contains an important fact, the plaintiff should attempt to include that fact in the allegations as part of the main body of the complaint, instead of attaching the entire document to the complaint as an exhibit.

[4] In light of the present order dismissing plaintiff's original complaint with leave to amend, the court denies defendants' pending motion to dismiss without prejudice as moot. Indeed, the court notes that, although defendants also made an attempt to address plaintiff's claims on the merits to the extent that the claims were intelligible, defendants moved to dismiss the original complaint primarily based on its failure to comply with Rule 8. Defendants requested a dismissal with prejudice, but for the reasons outlined above, plaintiff is entitled to an opportunity to amend under the circumstances present here.

claims in separate counts or sections of the complaint, with factual allegations pertaining to each particular claim set forth in the section of the complaint dealing with that particular claim.

(d) The complaint shall be <u>limited to 25 pages (including any exhibits),</u> with text utilizing a font size of 12 Times New Roman (or equivalent) and double spacing. *Pages exceeding the 25-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading.*

Plaintiff is informed that the court cannot refer to a prior complaint or filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading or filing. As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.

Importantly, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that she is unable to amend her complaint in compliance with the court's order or no longer wishes to pursue her action in this court, plaintiff may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

If plaintiff elects to proceed with this action in federal court, she is encouraged to familiarize herself with the Federal Rules of Civil Procedure and this court's Local Rules.[5] Although the court is sympathetic to the difficulties faced by pro se litigants in litigating their cases in federal court, and liberally construes their pleadings, pro se litigants are expected to comply with all procedural rules and court orders.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 11) is granted.
2. Plaintiff's original complaint is dismissed, but with leave to amend.

////

---

[5] A copy of the court's Local Rules can be obtained from the Clerk of Court or on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

| | | |
|---|---|---|
| 1 | 3. | Within 28 days of this order, plaintiff shall file either (i) a first amended complaint |
| 2 | | in compliance with this order or (ii) a notice of voluntary dismissal of the action |
| 3 | | without prejudice. *Failure to file either a first amended complaint or a notice of* |
| 4 | | *voluntary dismissal of the action by the required deadline may result in a* |
| 5 | | *recommendation that the action be dismissed pursuant to Federal Rule of Civil* |
| 6 | | *Procedure 41(b).* |
| 7 | 4. | Defendants shall file a response to any first amended complaint within 28 days of |
| 8 | | its filing.  Nevertheless, plaintiff is cautioned that the court may, on its own |
| 9 | | accord, recommend dismissal of the first amended complaint if it fails to comply |
| 10 | | with the terms of this order and the Federal Rules of Civil Procedure. |
| 11 | 5. | Defendants' motion to dismiss the original complaint (ECF No. 5) is denied |
| 12 | | without prejudice as moot. |

IT IS SO ORDERED.

Dated:  March 7, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE